NOT FOR PUBLICATION                                          [Docket No. 19]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| MARK EL, d/b/a MARK SMITH, | |
| Plaintiff, | Civil No. 20-02549 (RMB/AMD) |
| v. | |
| SGT. ROBERT KOOB, *et al.*, | **OPINION** |
| Defendants. | |

**APPEARANCES**

Mark El
227 North Vermont Avenue
Unit 1403
Atlantic City, New Jersey 08401

     *Plaintiff,* pro se

Vanessa Elaine James
Barker Scott & Gelfand PC
210 New Road
Linwood Greene
Suite 12
Linwood, New Jersey 08221

     *On behalf of Defendants Sgt. Robert Koob and Officer Sean Donohue*

Richard L. Goldstein
Marshall, Dennehey, Warner, Coleman & Goggin, PA
15000 Midlantic Drive
Suite 200
P.O. Box 5429
Mount Laurel, New Jersey 08054

     *On behalf of Defendants Asst. Prosecutor Marylou McAdams Corson and Warden Donald J. Lombardo*

**RENÉE MARIE BUMB, United States District Judge**

THIS MATTER comes before the Court on the Motion of *pro se* Plaintiff Mark El ("Plaintiff") to Reopen the above-captioned action.  [Docket No. 19.[1]]  Defendants Warden Donald J. Lombardo and Assistant Prosecutor Marylou McAdams Corson (the "County Defendants") and Officer Sean Donahue and Sergeant Robert Koob (the "City Defendants," and with the County Defendants, the "Defendants") oppose Plaintiff's Motion.  [Docket Nos. 20, 21.]  For the reasons expressed herein, the Court will **DENY** Plaintiff's Motion.

In his initial Complaint, Plaintiff attempted to assert causes of action under 42 U.S.C. § 1983, alleging that the City Defendants deprived him of his constitutional rights through false arrest and false imprisonment, that Assistant Prosecutor Corson maliciously prosecuted him for possession of a controlled substance, and that Warden Lombardo subjected him to unconstitutional conditions of confinement.  [Docket No. 1-4, at 4–7.]  On September 12, 2019, the Court dismissed these claims *sua sponte*, with leave to amend.  [Case No. 19-17577, Docket No. 2.]  A few days later, Plaintiff filed an Amended Complaint, reasserting his causes of action against the City Defendants and Warden Lombardo and supplementing his claims with some additional detail.

---

[1] Plaintiff also filed an identical motion in Case No. 19-17577.  [Docket No. 9.] Because the Court consolidated Case No. 19-17577 and Case No. 20-02549, [Docket No. 22, at 3–4], the Court cites to Plaintiff's Motion filed as Docket No. 19 in the instant matter only, but this Opinion applies with equal force to both Motions.  All docket references herein are to the above-captioned action unless otherwise noted.

[Case No. 19-17577, Docket No. 4.]  He did not attempt to resuscitate his claim against

Assistant Prosecutor Corson.

On April 1, 2021, the Court again found Plaintiff's Amended Complaint

deficient.  [Case No. 19-17577, Docket No. 6.]  It then dismissed Plaintiff's false arrest

and false imprisonment claims with prejudice and Plaintiff's unconstitutional

conditions of confinement claim without prejudice. [Case No. 19-17577, Docket No.

7.]  The Court observed that Plaintiff's amended allegations provided some additional

context concerning Warden Lombardo's alleged involvement in the asserted

unconstitutional conduct, but they did not fully address the deficiencies noted.

Offering Plaintiff another opportunity to remedy his claim, the Court explained:

> The Amended Complaint still does not specify the dates of Plaintiff's
> confinement or when he allegedly contacted Lombardo. Nor does it
> allege that Plaintiff's complaints were not remedied in any way. If
> Plaintiff is truly  making the troubling allegation that he had no access —
> whether in his cell or elsewhere — to running water, toilet facilities, a
> sink, a shower, or any other basic necessities for the entire time that he
> was being held, then he should allege that specifically.

[Case No. 19-17577, Docket No. 6, at 9–10.]

On April 27, 2021, the Court terminated Case No. 19-17577 after Plaintiff failed

to file a second amended complaint that remedied the deficiencies the Court outlined.

[Case No. 19-17577, Docket No. 8.]  Separately, on the County Defendants' Motion

to Dismiss, the Court terminated the above-captioned action after observing that

"[P]laintiff may not 'maintain two separate actions involving the same subject matter

at the same time in the same court and against the same defendant[s].'"  [Docket No.

18 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).]

3

On May 16, 2022, Plaintiff filed a Motion to Reopen, indicating that he changed addresses and never received the Court's April 1, 2021 Opinion and Order permitting him to file a second amended complaint.  [Docket No. 19-1 ¶¶ 6–7.]  As a result, he asks this Court to reopen his case so that he may "adequately litigate his claims." [Docket No. 19-1 ¶ 8.]  Defendants suggest that Plaintiff is pursuing relief under Fed. R. Civ. P. 60, and they argue that he has failed to demonstrate "mistake" or "excusable neglect" and that his request is time-barred in any event.  [Cnty. Defs.' Opp. 6, Docket No. 20; Cty. Defs.' Opp. 3, Docket No. 21.]

On December 2, 2022, the Court issued an Order to Show Cause directing Plaintiff to explain why reopening this matter would not prove futile, as he failed to explain how he would remedy the deficiencies the Court identified concerning his unconstitutional conditions of confinement claim.  [Docket No. 22.]  This matter cannot proceed without a workable complaint, the Court observed.  [*Id.* at 3.]  On December 21, 2022, the Court received Plaintiff's response.  [Docket No. 23.]  In his filing, Plaintiff restates the same conclusory allegations previously submitted in his initial Complaint and Amended Complaint; he does not address the deficiencies the Court specifically outlined in its April 1, 2021 Opinion.  [Case No. 19-17577, Docket No. 6, at 9–10.]

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Here, the Court agrees with Defendants that there is no basis to set aside the Court's prior Orders terminating these actions.  Plaintiff has not provided any permissible reason under Rule 60 or otherwise for this case to continue.  Nor can the Court grant the relief requested based on Plaintiff's delay in filing the Motion to Reopen.  The Court terminated this case on March 31, 2021 (and Case No. 19-17577 on April 27, 2021).  Plaintiff filed his Motion on May 16, 2022.  In either case, the Motion was filed more than one year later.  Accordingly, Plaintiff's Motion was not submitted within a reasonable time.  *See* FED. R. CIV. P. 60(c)(1).  Moreover, Plaintiff has not explained why reopening this case would not prove futile.  In response to the Court's Order to Show Cause, Plaintiff merely restates his prior allegations; he has not answered the specific deficiencies the Court identified concerning his conditions of confinement claim against Warden Lombardo—his only viable cause of action at this juncture.  Without sufficient factual detail, the Court cannot evaluate whether to

reopen this matter and permit Plaintiff to file a second amended complaint. Therefore,

the Court will **DENY** Plaintiff's Motion.

An accompanying Order shall issue on today's date.


December 29, 2022
_____
Date

s/Renée Marie Bumb
_____
Renée Marie Bumb
United States District Judge

6